**Ricky BELL, Petitioner–Appellant,**

v.

**Dwayne A. CLARK, Warden, Respondent–Appellee.**

No. 98–4070.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 25, 1999.

Decided Oct. 4, 1999.

Ricky Bell, Joliet, IL, pro se.

Deborah L. Ahlstrand (submitted), Office of Atty. Gen., Civ. App. Div., Chicago, IL, for respondent–appellee.

Before POSNER, Chief Judge, and EASTERBROOK, Circuit Judge.

POSNER, Chief Judge.

After we denied his certificate of appealability, Fed. R.App. P. 22(b), Mr. Bell asked for his $105 in filing and docketing fees back, on the ground that since a certificate of appealability is a jurisdictional prerequisite to an appeal from a denial of habeas corpus under 28 U.S.C. § 2254, see 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b)(1), there was no appeal. He paid for an appeal, but didn't get one, so he wants his money back. The filing fee is $5, and the docketing fee is $100; docketing occurs when the appeal, having been filed, is given a case number (No. 98–4070 for Bell's appeal) and entered in the court's computerized database.

Bell's argument is unsound. Appeals are frequently denied for lack of appellate jurisdiction. Suppose, for example, that an ordinary civil litigant, perhaps a civil rights plaintiff, filed an interlocutory appeal, and the court of appeals determined, perhaps after full briefing and argument, that the order from which the appellant was appealing was not within the class of interlocutory orders that Congress has made immediately appealable. The appellant would not have gotten the review on the merits that he had sought, just like Bell, but no one would suppose that he was therefore entitled to his money back. *Lucien v. DeTella*, 141 F.3d 773 (7th Cir. 1998), and cases cited there. The same thing is true here. By filing his request for a certificate of appeal, Bell brought his case into the court of appeals (as the Supreme Court has held in a related context, *Hohn v. United States*, 524 U.S. 236, 118 S.Ct. 1969, 1974–75, 141 L.Ed.2d 242 (1998)), where it was subject to being dis-

missed whether on jurisdictional grounds or, later, if a certificate of appealability was issued, on the merits (maybe—since, as we said, a jurisdictional defect might not be discovered at the outset). Bell's situation can also be analogized to that of a litigant who files a petition for certiorari in the Supreme Court; if the petition is denied, the merits of the litigant's case are not reached. There is no refund of a filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of his quest, whether that outcome is defeat on the merits or a refusal, for jurisdictional or other reasons, even to consider the merits.